UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-840-FDW-DSC

| AARON KEVIN DANIELSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| JAN PETRUS HUMAN, ALBERTUS JOHANNES HUMAN, H-POWER AMERICAS, INC., H-POWER WORLDWIDE, LLC, H-POWER ENERGY TECHNOLOGIES, INC. & JOHN DOES 1-100, | ) | **ORDER** |
| Defendants. | ) | |

THIS MATTER is before the Court upon Plaintiff's Motion for Default Judgment. (Doc. No. 15). The matter is also before the Court sua sponte because of Ralph Occhiuto's, CEO of Defendant H-Power Americas, Inc. (HPA), H-Power Worldwide, LLC (HPW), and H-Power Energy Technologies, Inc. (HPET), ex parte phone call to the Court in which it became clear to the Court's law clerk that Defendants HPA, HPW and HPET did not have counsel in this case.

First, the Plaintiff's Motion for Default Judgment as to Defendants Jan Petrus Human and Defendant Albertus Human is DENIED WITHOUT PREJUDICE because there is no entry of default as to these Defendants. Without an entry of default, the Court cannot enter a default judgment.[1] The Court cautions that if Plaintiff is going to continue to represent himself in this Court, he must familiarize himself with the Federal Rules of Civil Procedure.

Next, the three corporate defendants have not retained counsel in this case but instead

---

[1] Furthermore, no default judgment may be entered until all issues involving all defendants are resolved. A case may only have one judgment. Fed. R. Civ. P. 54(b).

1

have had their CEO, Ralph Occhiuto, file a pro se Answer on their behalf. This is not permitted under North Carolina law. "[I]n North Carolina a corporation [including an LLC] must be represented by a duly admitted and licensed attorney-at-law . . . ." Dungan & Mitchell, P.A. v. Dillingham Const. Co., Inc., 608 S.E.2d 415 (N.C.App. 2005) (citation and internal quotations omitted). Indeed, "[i]t has been the law for the better part of two centuries … that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing Complaint of pro se corporate plaintiff); Microsoft Corp. V. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 155 N.C. App. 205, 208, 573 S.E.2d 547, 549 (2002) (same).[2] Therefore, the Court will STRIKE the Answer filed on June 7, 2013 (Doc. No. 7); STAY the Case Management Order entered on August 14, 2013 (Doc. No. 12) and direct that the corporate Defendants retain counsel within thirty (30) days of the date of this Order. Counsel shall file an Answer in this case no later than November 20, 2013.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's Motion for Entry of Default Judgment (Doc. No. 15) is DENIED without prejudice;

(2) The Answer filed on June 7, 2013 (Doc. No. 7) is STRICKEN;

(3) The Case Management Order filed on August 14, 2013 (Doc. No. 12) is STAYED until the corporate Defendants retain counsel in this matter and such counsel files an Answer;

(4) The Corporate Defendants have thirty (30) days from the date of this Order to retain counsel. Counsel shall file an Answer in this case on or before November 20, 2013.

---

[2] While recognizing that unpublished opinions have no precedential value, the Court notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel").

If Defendants do not retain counsel, the Court will entertain a Motion for Default by the Plaintiff.

IT IS SO ORDERED.

Signed: October 21, 2013

Frank D. Whitney
Chief United States District Judge