IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: 3:12-CV-840-FDW-DSC

| AARON KEVIN DANIELSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JAN PETRUS HUMAN; ALBERTUS | ) | |
| JOHANNES HUMAN; H-POWER | ) | |
| AMERICAS, INC.; H-POWER | ) | |
| WORLDWIDE, LLC; H-POWER | ) | |
| ENERGY STORAGE TECHNOLOGIES, | ) | |
| INC.; AND JOHN DOES 1-100, | ) | |
| Defendants. | | |

THIS MATTER comes now before the Court upon Defendants H-Power Americas, Inc., H-Power Worldwide, LLC, and H-Power Energy Storage Technologies, Inc.'s, (the Corporate Defendants) Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 26), Plaintiff's Response (Doc. No. 28), Defendants' Reply (Doc. No. 29). For the reasons stated herein, the Corporate Defendants' Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED as it relates to the Corporate Defendants.

## BACKGROUND

Plaintiff was residing in South Africa in 2006 when he first met Defendants Jan Petrus Human (J. Human) and Albertus Johannes Human (A. Human), South African brothers. (Doc. No. 1, ¶¶ 14-16, 32). The three parties entered into business together to market an invention of Defendant J. Human: a type of hybrid battery patented in South Africa with revolutionary

1

technology predicted to be highly profitable in the United States and throughout the world. (Doc. No. 1, ¶¶ 33-35). Defendants J. Human and A. Human persuaded Plaintiff to invest a large amount of money in their technology. (Doc. No. 1, ¶ 35). In exchange, Defendants J. Human and A. Human gave Plaintiff exclusive licensing rights in the United States for the patented hybrid battery technology. (Doc. No. 1, Ex. 4). However, on or about October 13, 2011, Plaintiff learned that Defendants J. Human and A. Human were actively seeking out other investors to whom they had also promised exclusive licensing rights to the technology. (Doc. No. 1, ¶¶ 6-7). Based on this information, Plaintiff, appearing pro se, filed a 63-page Complaint (Doc. No. 1) against Defendants J. Human, A. Human, and the Corporate Defendants seeking, inter alia, retention of exclusive licensing rights within the United States of Defendants J. Human and A. Human's patented hybrid battery technology. (Doc. No. 1, ¶¶ 270-284). The Corporate Defendants have now moved for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 26).

**STANDARD OF REVIEW**

To overcome a Rule 12(b)(6) motion, a Complaint must contain enough facts so as to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, while the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Short Mkt.'s Inc. v. J.D. Assoc.'s,

LLP, 213 F.3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). While courts apply a more liberal standard to pro se complaints, even holding complaints written by pro se plaintiffs to "less stringent standards than formal pleadings drafted by lawyers," courts still are not bound by a plaintiff's legal conclusions. Haines v. Kerner, 404 U.S. 519, 520 (1972); Randall v. United States, 30 F.3d 518, 521 (4th Cir. 1994); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

The Corporate Defendants note that "[t]here are no specific factual allegations in the Complaint that relate to the actions or inactions allegedly committed by [them] against the Plaintiff."[1] (Doc. No. 26, pp. 1-2). The Court painstakingly read through the entirety of Plaintiff's 63-page Complaint and agrees with the Corporate Defendants.

First and foremost, the Court notes that on page 2 of Plaintiff's Complaint, there is an inconspicuous – but gravely important – footnote that reads, "Unless otherwise noted, [']Defendants['] shall refer specifically to [J. Human] and [A. Human]." Not surprisingly, there is not a single place "otherwise noted" in the Complaint where Plaintiff specifically refers to the Corporate Defendants in his causes of action. In fact, it appears as if the Complaint was intended to solely state causes of action against Defendants J. Human and A. Human:

---

[1] The Corporate Defendants also note in their reply (Doc. No. 29, p. 2) that Plaintiff has included what he refers to as "Plaintiff's Cross Motion for Summary Judgment" in his response (Doc. No. 28, pp. 8-11) to the Corporate Defendants' Motion to Dismiss (Doc. No. 26). The Court notes that the Corporate Defendants have never filed a Motion for Summary Judgment. Moreover, "Plaintiff's Cross Motion for Summary Judgment" does not comport with the requirements of Fed. R. Civ. P. 56. Therefore, "Plaintiff's Cross Motion for Summary Judgment" will not be considered and is hereby DENIED.

1. "…Plaintiff brings this private civil action against Defendant [sic] [J. Human] and [A. Human]…." (Doc. No. 1, ¶ 1).

2. "…Plaintiff brings this private civil action…against Defendants [A. Human] and [J. Human]…." (Doc No. 1, ¶ 2).

3. "Plaintiff…seeks the protections of the Federal court, to sanction South African Defendants [J. Human] and [A. Human]…." (Doc No. 1, ¶ 3).

4. "Defendants, brothers [J. Human] and [A. Human]…." (Doc. No. 1, ¶ 4).

5. "…Plaintiff and Defendants…were partners in a joint venture…." (Doc. No. 1, ¶ 5).

6. "…[T]hroughout this Complaint, Defendants' excerpted writings are copied verbatim…." (Doc. No. 1, fn. 2).

7. "…Plaintiff [was] a minority-shareholding partner in Defendants' companies…." (Doc. No. 1, ¶ 5).

8. "Defendants' behaviors in person were somehwat [sic] eccentric…." (Doc. No. 1, ¶ 7).

9. "Defendants had journeyed to the US…." (Doc. No. 1, ¶ 9).

10. "…Defendants resided in South Africa…." Id.

The Court could go on with its notations from the remainder of the Complaint, but these few examples – all from the first five pages of the Complaint – indicate to the Court that Plaintiff, by adding Corporate Defendants to his Complaint, is attempting to circumvent the jurisdictional and venue requirements necessary to pursue the other defendants in this matter – J. Human and A. Human. Indeed, Plaintiff states that he has included the Corporate Defendants in his Complaint "for the purpose of asserting jurisdiction over persons under the corporations' employ…." (Doc. No. 1, ¶ 269).

4

Nevertheless, Plaintiff's Complaint is completely devoid of enough facts so as to "state a claim to relief that is plausible on its face" against Corporate Defendants. Ashcroft, 556 U.S. at 678. Plaintiff has failed in his burden to plead "factual content that allows [this C]ourt to draw a reasonable inference that the [corporate] defendant[s are] liable…" to Plaintiff. Id.

## CONCLUSION

For the foregoing reasons, the Corporate Defendants' Motion to Dismiss (Doc. No. 26) pursuant to Fed. R. Civ. P. 12(b)(6) is hereby GRANTED and the Plaintiff's Complaint (Doc. No. 1) is hereby DISMISSED with respect to the Corporate Defendants.

IT IS SO ORDERED.

Signed: February 26, 2014

Frank D. Whitney
Chief United States District Judge